# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### Eastern Division

**CHRISTY ARNOLD,**
    *Plaintiff,*

v.                                             NO.: _____
                                                               **Jury Demanded**

**MONOGRAM REFRIGERATION, LLC,**
    *Defendants.*

## — COMPLAINT —

The Plaintiff, Christy Arnold, files this Complaint against the Defendants, Monogram Refrigeration, LLC, for sexual harassment, discrimination, and retaliation. Plaintiff states unto this Honorable Court as follows for her complaint:

## — INTRODUCTION —

1. This is an action that was brought as a result of the Defendant's violations of Title VII of the Civil Rights Act of 1964, which forbids employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)(2)(a). Christy Arnold sues for employment discrimination and for retaliation based on the anti-retaliation provision of Title VII which reads "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [s]he has opposed a practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000(e)(3)(a).

2. Christy Arnold's claims are for sexual harassment, racial discrimination, gender discrimination, retaliation, and hostile work environment. Christy Arnold was sexually harassed by her co-worker and reported it to her supervisors. The Defendant refused to address the ongoing sexual harassment despite it being reported on multiple occasions. Moreover, this is for the firing of Christy Arnold in retaliation of reporting the sexual harassment, discrimination, and the hostile work environment that she experienced.

— JURISDICTION —

3. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964 at 42 U.S.C. §2000(e)(5)(f)(3) have occurred or been complied with. A charge of employment discrimination was filed with the Equal Opportunity Commission ("EEOC") within the requisite time frame and a Notification of the Right to Sue has been received from the EEOC.

4. Venue is proper in the Western District of Tennessee under 28 U.S.C. § 1391(b)(2) because the events complained of occurred in this District at Defendant's McNairy County facility.

— PARTIES —

5. The Plaintiff, Christy Arnold ("Christy" or "Plaintiff"), at all times relevant was a citizen and resident of Tennessee, and resided at 9764 Highway 45 North, Bethel Springs, McNairy County, Tennessee 38315.

6. The Defendant, Monogram Refrigeration, LLC ("Monogram" or "Defendant"), is a manufacturing company with its principal address being Appliance Park AP2-225, Louisville, Kentucky 40225-0001. Defendant has a facility located at 1020 Tennessee

Avenue, Selmer, Tennessee 38375, where Christy Arnold was employed at all times relevant. Its registered agent to accept service of process is the CT Corporation System, 800 S Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

— FACTS —

7. Monogram is a manufacturing company that sells, distributes, builds, and delivers a multitude of appliances for GE Appliances, a Haier company.

8. Christy Arnold began working for Defendant in March of 2018 until her employment terminated on September 29, 2022.

9. Upon being hired, Christy was placed on zone line B2, which consisted of about 100 employees.

10. Beginning in April of 2018, after only being employed by Defendant for a month, several male coworkers, who openly discussed their sexual exploits, began questioning Christy about her sex life.

11. When Christy, a married woman, objected to being questioned about her sex life, her male coworkers intensified their harassment of Christy about her sex life.

12. Tony Amos ("Amos"), a coworker of Christy, began repeatedly propositioning her and another female employee to have group sex with him.

13. Keaston Barham ("Barham"), another coworker of Christy, began harassing Christy with questions about the race of her sexual partners, and whether she had ever seen an African American penis.

14. In June of 2018, Christy reported the sexual harassment and constant sexual remarks made to her to the plant manager, Mike Johnson ("Johnson"), and asked him if

Monogram would provide sexual harassment training. Christy also requested that she be moved to another line because the harassment was making her extremely uncomfortable. Johnson dismissed her reports and denied her of any remedies to stop the harassment.

15. Christy's reports to the Monogram management team and human resource department only exacerbated the sexual harassment, racial and gender discrimination, and hostile work environment in retaliation of her complaints.

16. Co-workers began accusing Christy of being racist for not wanting to have sex with an African American co-worker and because she asked that they stop talking about sex every day. Because of her complaints, African American co-workers threatened to inflict bodily harm upon Plaintiff.

17. In September of 2018, as a direct result of the sexual harassment, racial and gender discrimination, stress, retaliation, and hostile work environment, Christy sought medical treatment and was prescribed anxiety medication.

18. In October 2018, Christy suffered a work-related injury to her wrist, properly reported her work-related injury, and requested medical treatment. In retaliation against Christy for reporting the sexual harassment, racial and gender discrimination, threats of bodily harm, stress, and the hostile work environment, Monogram ignored Christy's requests, refused to help her, refused to change out tools, refused to move her to a different line/workstation.

19. In an attempt to force Christy to quit, HR told Christy that "employees tend to be fired for injury reports" and presented Christy with a form to sign that ended her injury report or she would be tagged to fire over injuries.

20. In October 2018, members of Monogram's management team and HR department disclosed Christy's private medical information to co-workers which caused the sexual harassment, racial and gender discrimination, verbal assaults, threats, retaliation, and hostile work environment to intensify. After the disclosures by the management team and HR, co-workers accused Christy of causing problems and made statements such as: "Red, you must want your ass beat causing all these problems over here".

21. In November and December 2018, the sexual harassment, racial discrimination, gender discrimination, retaliation, and hostile work environment continued against Christy. Christy again asked management to provide sexual harassment training and to move her to a different work area. Her requests were denied and still, nothing was done to her perpetrators.

22. In January 2019, Christy continued to report the sexual harassment, racial discrimination, gender discrimination, retaliation, and hostile work environment to HR. HR instructed Christy to not talk to anyone about it or she would be fired.

23. In addition to the report made to HR, Christy reported the sexual harassment, racial discrimination, and gender discrimination she suffered from Barham to the plant manager, Johnson. Johnson yelled at Christy about her harasser, "I'm not going to fire him! You can't just fire blacks around here!"

24. In February 2019, Christy was finally moved to the front line. The team lead on the front line at that time was Justin Harville ("Harville"). Co-worker Rickey Burge ("Burge") was also on this particular line. At this time the sexual harassment, racial discrimination,

gender discrimination, retaliation, and hostile work environment continued and escalated.

25. Burge continued to make inappropriate sexual comments about Christy's body and showed his erection to Christy and fellow co-workers on that line. Burge told Christy that his erection was her fault and said to Christy "You made him stand up girl", "what you gonna do to help me out?", and "your big ass in them jeans is why he's waking up".

26. Christy asked her new team lead, Harville, if he was going to do anything about this. Harville simply laughed, said he didn't care, and walked away.

27. Plant Manager, Johnson, and a Monogram security member told Christy they viewed Monogram's security footage and witnessed Burge harass and stalk her over thirty different times during the course of one workday; however, nothing was done.

28. Burge continued the sexual harassment, racial discrimination, gender discrimination, threatening, and retaliation against Christy which created an extreme hostile work environment until she had emergency surgery at the end of October 2019 and was unable to work.

29. While Christy was on leave due to surgery, she reported to her team lead and supervisor weekly.

30. During this time period, Monogram's nurse prescribed Christy an anti-depressant and suggested she attend counseling due to the sexual harassment, racial and gender discrimination, threats, retaliation, stress, anxiety, and hostile work environment she was forced to endure at work. The nurse discussed with Christy the effects and harm that severe stress can do to a body and continued to check on her weekly.

31. When Christy returned to work in December 2019, she told her supervisor about her stress and anxiety caused by the sexual harassment, racial discrimination, gender discrimination, threats, retaliation, and hostile work environment to which he responded, it didn't matter because she was being moved to help another line.

32. Upon her return to work in December and continuing through August 2020, Burge continued to sexually harass, discriminate racially, threaten Christy daily, cursed her, called her a "white bitch", and spoke derogatorily about her to co-workers. Burge told Christy that she needed to be "fucked to death" to teach her a lesson, told her that he was going choke her to death, he was going to "fuck" her until she died, accused Christy of not showing black men respect, and called her a racist.

33. Christy notified her new team lead, Angie Newman ("Newman") about Burge's constant sexual harassment and threats. Newman asked Christy why Burge did this to her to which Christy responded, the head of Human Resources, Pamela Durbin ("Durbin"), told her that she would get fired for talking about it.

34. Another supervisor, Brandon Burton ("Burton"), told Christy that she was just imagining things, and Johnson, the Plant Manager, refused to speak to her about her complaints of sexual harassment, racial discrimination, gender discrimination, threats, retaliation, and/or the hostile work environment.

35. In August 2020, Christy underwent carpel tunnel surgery on both hands. After her surgery, Monogram closed the factory for a period of time due to COVID-19.

36. At that time, members of Monogram's management began to retaliate against Christy for making complaints about the sexual harassment, discrimination, threats, and

hostile work environment and forced her to do the same job which resulted in new injuries to her right and left hand, wrist, elbow, and arms.

37. HR called Christy's physician demanding Christy's reports. HR contacted the physician's office so often that the physician's office asked Christy why they were receiving so many calls from Monogram.

38. HR contacted the company's insurance carrier and instructed them to terminate Christy's workers compensation benefits for paid leave. HR called Christy to a meeting and verified that HR made that call to the insurance carrier. Christy asked HR how she could be punished for Monogram's shut down during the pandemic and for having surgery due to work-related injuries. Durbin repeatedly said that there was lack of work and that Christy should not have received her two weeks paid vacation, short term disability, or workers compensation benefits.

39. HR gave Christy points for excused FMLA days in an attempt to have Christy fired. Christy's team lead told her to request a printout of her excused FMLA days from HR and demand that Monogram remove the "bad" points. HR failed to pay Christy for days worked, FMLA time, time off for doctor appointments regarding her work-related injuries, and work comp days.

40. Burge continued to sexually harass, discriminate, and threaten Christy through the fall of 2021. Burge became physically violent towards Christy. Burge threw parts directly at Christy when he returned them to her work area. Burge continued to speak derogatorily about Christy to co-workers.

41. Christy continued to report the incidents to management. Monogram took no disciplinary action(s) against Burge for the constant and continued sexual harassment, racial discrimination, gender discrimination, threats, physical violence, retaliation, and hostile work environment.

42. In November 2021, Christy received a promotion and was moved to a repair position on a new line. Her team lead was Shelley Wynn ("Wynn"). Wynn told Christy that she had to fight and beg the Plant Manager, Johnson, to give her the promotion. When Christy asked why, Wynn revealed that it was because she made so many reports about the constant sexual harassment, racial discrimination, gender discrimination, threats, retaliation, and the hostile work environment that the management team, HR, and co-workers at Monogram hated her.

43. In December 2021, Burge instructed another co-worker, Donterious Waller ("Waller"), to tell Christy that she better not come in his area, or he will "handle" her. Christy reported this to team lead Wynn. Multiple times in 2018 and 2019, Waller asked Christy to "suck his dick". Multiple times in 2022, Waller said "Red, I'm just trying to get my dick sucked".

44. In January 2022, team lead, Wynn, told Christy that co-workers at front repair cursed her out and made sexual statements about Christy because she went into Burge's work area. Wynn asked why she went to Burge's area. Christy told Wynn that she had to drop units off in that area and that it was part of her job. Wynn told Christy to stay away from Burge.

45. In February 2022, Burge ran across the work lines and screamed "fuck you bitch", "somebody better keep that white bitch away from me", and "she's had it coming for a while" when he would see Christy drop units off in the designated work area.

46. In March 2022, the team lead asked Christy why Burge hated her so much. Christy informed the team lead that, per HR, she would get fired for talking about it. The team lead also told Christy that Burge had been cursing about her again and said that she needed to get rid of Christy. Christy reported the sexual harassment, racial discrimination, gender discrimination, threats, retaliation, and hostile work environment to the new supervisor at Monogram, Harville Locke ("Locke"). Locke told Christy that he would "handle it"; however, nothing was handled.

47. After this incident, Christy consulted with Monogram's nurse again. The nurse increased Christy's medication due to the constant beratement, sexual harassment, racial discrimination, gender discrimination, threats, retaliation, and hostile work environment she endured.

48. In April 2022, Christy reported to Locke again that Burge continued to speak derogatorily about her to co-workers, cursed at her, and about the statements Burge made to team lead, Wynn. Locke shook his head and said he would take care of it; however, nothing was done.

49. The sexual harassment, racial discrimination, gender discrimination, threats, retaliation, and hostile work environment continued until Christy was off work for another surgery on June 17, 2022.

50.     During the course of Plaintiff's employment at Monogram, there were other incidents of reported sexual harassment, racial discrimination, gender discrimination, retaliation, threats, and hostile work environment including, but not limited to: a co-worker showed pictures on his phone of his penis to Plaintiff; another co-worker sent naked pictures of himself to Plaintiff on Snapchat, begged her for sex at work, and told Plaintiff in graphic detail about how he raped a woman for four hours.

51.     A co-worker also tried to physically hit Plaintiff during work hours. Plaintiff and her team lead gave statements to HR. After they gave their statements, HR called Plaintiff into the office and threatened Plaintiff with retaliation for discussing issues with Burge at work. Plaintiff denied the accusations. HR accused Plaintiff of lying, said "nobody's statement exactly matches yours", and said she was fully prepared to fire Plaintiff. Plaintiff asked HR to discuss the matter further to which HR declined and said there was no need to, then dismissed Plaintiff.

52.     Plaintiff has suffered retaliation by the hands of Monogram, their management team, HR, and employees in the form of intimidation and physically feared for her life.

53.     Plaintiff was continuously subjected to multiple forms of sexual harassment, racial discrimination, gender discrimination, disability discrimination, threats, physical violence, retaliation, and a hostile work environment and was fearful for her safety and well-being.

54.     Plaintiff made many reports and complaints about the sexual harassment, racial discrimination, gender discrimination, disability discrimination, threats, retaliation, and

hostile work environment; however, Monogram took no disciplinary action against Plaintiff's perpetrators.

55. The sexual harassment, racial discrimination, gender discrimination, disability discrimination, retaliation, threats, physical violence, and hostile work environment was so severe that it could not be tolerated by any reasonable person.

56. The extreme sexually hostile work environment Plaintiff endured is the result of the actions/inactions of Monogram Refrigeration, Inc.

57. Plaintiff, by and through counsel, notified Monogram of her constructive discharge via correspondence dated September 29, 2022.

— CAUSES OF ACTION —

*COUNT 1 - VIOLATION OF THE CIVIL RIGHTS ACT – TITLE VII DISCRIMINATION AND HARASSMENT*

58. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth, in full, herein.

59. Plaintiff was discriminated against based on her race and sex and harassed because of her sex in violation of the Title VII.

60. Plaintiff was subjected to harassment on account of her sex and such harassment created a sexually hostile work environment.

61. The harassment was at the hands of Defendant's employees and was unwelcomed based on sex and was severe and pervasive so that it affected the terms and conditions of the Plaintiff's employment and Defendant is liable for such harassment.

62. Defendant did not appropriately handle the complaints of sexual harassment and discrimination from the Plaintiff and refused to act due to race.

63. Said harassment and discrimination resulted in Plaintiff's working conditions to become intolerable, and she suffered additional adverse effects as a result of the hostile work environment.

64. Because of such conduct, Christy suffered severe emotional distress, mental anguish, embarrassment, and humiliation.

65. Defendant acted with malice and/or reckless indifference toward Plaintiff.

66. Defendant's conduct harmed and caused damage to Plaintiff.

67. Based upon the conduct described in this Complaint, Defendant is liable for unlawful gender and race discrimination and sexual harassment as well as creating a hostile work environment in violation of Title VII.

68. Plaintiff seeks all compensatory damages, including but not limited to, lost wages, lost earning capacity, emotional distress, and embarrassment. She also seeks attorney's fees, costs and both prejudgment and post-judgment interest.

*COUNT 2 - VIOLATION OF THE CIVIL RIGHTS ACT - TITLE VII RETALIATION*

69. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint.

70. Based on the conduct described in this Complaint, Defendants are liable for violations of Title VII's anti-retaliation provisions.

71. Defendant's retaliatory conduct described in this Complaint was substantially motivated by Plaintiff's gender, race, and her opposing their unlawful conduct.

72.     The retaliation against Plaintiff was intentional and supported by direct evidence, circumstantial evidence, and other persuasive proof.

73.     Defendant's retaliatory treatment of Plaintiff was intentional and demonstrates reckless indifference to her legally protected rights.

74.     Defendant's conduct has harmed and caused damage to Plaintiff.

75.     As described in the allegations above, after Plaintiff reported her discrimination and harassment based on sex, Defendant terminated Plaintiff and pre-textually fabricated a basis for terminating her.

76.     As a result of Defendant's actions and inactions, Plaintiff has suffered and will continue to suffer damages, including but not limited to, loss of her professional and personal reputation, loss of income, loss of business opportunity, and mental distress.

77.     Plaintiff seeks all compensatory damages, including lost wages, lost earning capacity, emotional distress, and embarrassment.  She also seeks attorney's fees, costs, and both prejudgment and post-judgment interest.

— PRAYER FOR RELIEF —

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

A. That process issue and be served upon Defendants, and that they be directed to answer this Complaint within the time period prescribed by the law;

B. That this case be set for trial and that a jury be empaneled to hear and decide the merits and damages;

C. That Plaintiff be awarded a monetary award of damages for back pay, front pay, and all other available economic relief under Title VII;

D. That Plaintiff be awarded judgment and compensatory damages, including but not limited to, back pay, front pay, and damages for embarrassment, humiliation, mental anguish and stress, and outrage;

E. That Plaintiff be awarded punitive damages in an amount to be determined at trial;

F. That Plaintiff be awarded attorneys' fees and expenses;

G. That Plaintiff be awarded pre-judgment interest;

H. That all costs be taxed against the Defendants; and

I. That Plaintiff be awarded such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

**SPRAGINS, BARNETT & COBB, PLC**


s/Sara E. Barnett_____
Sara E. Barnett, BPR#021379
Charles H. Barnett, III
Charles H. Barnett, IV
Attorneys for Plaintiff
P.O. Box 2004, 312 E. Lafayette Street
Jackson, TN 38301-2004
Telephone:   (731) 424-0461
Facsimile:    (731) 424-0562
sarabarnett@spraginslaw.com
cbarnett@spraginslaw.com
chb4@spraginslaw.com